IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RENA AARO *individually*,
*as Next Friend of* C.C. and S.C.,
*and as Personal Representative of the*
ESTATE OF PATRICK AARO,

    Plaintiff,

v.                                                   Civ. No. 24-270 JMR/GBW

TRI STAR FREIGHT SYSTEM, INC.
and JOSE SANCHEZ,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

THIS MATTER comes before the Court on Plaintiff's Motion for Service by Alternative Means. *Doc. 14*. Having reviewed the Motion and the attendant briefing (*docs. 16, 17, 24, 25*), having held a hearing on the matter (*doc. 21*), and being otherwise fully advised, the Court will DENY it WITHOUT PREJUDICE.

### I. BACKGROUND

This action arises from a motor vehicle accident that occurred on November 16, 2021, between Patrick Aaro and Defendant Jose Sanchez, resulting in the death of Mr. Aaro. *See doc. 1* at 10. Plaintiff was appointed the wrongful death personal representative of Patrick Aaro's estate on March 18, 2022. *Id.* at 14. On January 22, 2024, Plaintiff filed her Complaint for Wrongful Death, Negligence, Negligence Per Se, and

Loss of Consortium in state court against Defendant Sanchez and his employer at the time of the accident, Defendant Tri Star Freight System, Inc. ("Tri Star Freight"). *See doc. 1* at 5-13. The action was removed to this Court by Defendant Tri Star Freight on March 19, 2024. *Doc. 1* at 1-4. To date, Defendant Sanchez has not been served.

Plaintiff has made several attempts to serve Defendant Sanchez. On February 19, 2024, a process server attempted to serve Defendant Sanchez at his last known place of employment, Tri Star Freight System, Inc. *See doc. 12* ¶¶ 6-7. Plaintiff also attempted to serve Defendant Sanchez both in person and by certified mail at his last known address in Houston, Texas; however, both methods of service were unsuccessful. *Id.* ¶¶ 13-16. Plaintiff then retained a different company to conduct a "skip trace" search, which identified additional possible addresses in Murrieta, California, and Houston, Texas. *Id.* ¶¶ 17, 22-23, 26. Service attempts at these locations were also unsuccessful. *Id.* ¶¶ 23-27. In late summer of 2024, Plaintiff's counsel contacted counsel for Defendant Tri Star Freight to inquire whether she or her client had information regarding Defendant Sanchez's whereabouts. *Id.* ¶ 28. Defendant Tri Star Freight's counsel responded that she was unaware of any communications from Defendant Sanchez and could not locate him. *Id.* ¶ 29.

Having been unable to serve Defendant Sanchez through traditional means, Plaintiff filed the present Motion for Service by Alternative Means on October 24, 2024, requesting leave to serve Defendant Sanchez by publication. *Doc. 14.* Defendant Tri

2

Star Freight responded in opposition on November 5, 2024. *Doc. 16*. Plaintiff filed her reply on November 19, 2024. *Doc. 17*. The Court held a hearing on January 6, 2025, during which it raised the applicability of *Clark v. LeBlanc*, 593 P.2d 1075 (N.M. 1979), which holds that, in *in personam* cases, a plaintiff must demonstrate that the defendant is concealing themselves to avoid service before a court may authorize service by publication. *Doc. 21*. Following the hearing, on January 9, 2025, the Court issued an Order for Supplemental Briefing regarding the applicability of the *Clark* concealment requirement. *Doc. 20*. Plaintiff filed her supplemental response on January 20, 2025. *Doc. 24*. The Motion was fully briefed on January 28, 2025, *doc. 26*, with the filing of Defendant Tri Star Freight's supplemental reply, *doc. 25*.

## II.  RELEVANT LAW

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual by any method permitted under the law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under New Mexico law, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule[.]" NMRA 1-004(J); *see also* NMRA 1-004(K). However, since service by publication is a method of "last resort," it is appropriate "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-*

3

*Montin-Greer Drilling Corp.*, 388 P.3d 240, 249 (N.M. 2016) (citation omitted). Accordingly, "the exercise of diligence and good faith to locate a defendant [is] implicit [in the] prerequisites to effective service of process by publication." *Id.* at 250 (citations omitted).

A showing of diligence may be established by demonstrating that the plaintiff made reasonable and good-faith efforts to carefully comply with the procedural steps outlined in the New Mexico Rules of Civil Procedure. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *see also Soto v. Vill. of Milan Police Dep't*, 2010 WL 11619168, at *2-3 (D.N.M. Sept. 17, 2010) (unpublished). Under NMRA 1-004(F), personal service on a defendant may be accomplished by delivering the summons and complaint to the defendant personally. NMRA 1-004(F)(1). If the defendant refuses to accept services, leaving the documents at the location where the defendant is found constitutes valid service. *Id*. Alternatively, service may be effected by mail or commercial courier as outlined in Rule 1-004(E)(3). *Id*. If the defendant does not sign for or accept service by either of these methods, a party may serve a person over the age of fifteen residing at the defendant's usual place of abode and mail a copy to the defendant's last known address. NMRA 1-004(F)(2). If service is still unsuccessful, process may be delivered to a person apparently in charge at the defendant's actual place of business or employment, and a copy must also be mailed to both the defendant's last known mailing address and place of business and employment.

NMRA 1-004(F)(3).  A party must exhaust this entire "hierarchy of mechanisms" under NMRA 1-004(F) before service by publication is permitted.  *Soto*, 2010 WL 11619168 at *3.

While service by publication is generally limited to *in rem* or *quasi in rem* actions, the New Mexico Supreme Court has carved out an exception for *in personam* actions "in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark*, 593 P.2d at 1076.  "In order to permit substituted service on the basis of evasion, the Court must make a finding of fact that the defendant intentionally avoided service of process."  Order Granting in Part and Denying in Part Plaintiffs' Motion to Extend Time and For Service by Publication, *Cowan v. D'Angelico*, No. 1:09-cv-00483-RB-LFG, *doc. 49* at 4 (D.N.M. Sept. 15, 2009) (unpublished) (citing *Edmonds v. Martinez*, 215 P.3d 62, 67 (N.M. App. May 6, 2009)).

III.   ANALYSIS

Plaintiff argues that service by publication is proper in this case due to her repeated, unsuccessful attempts to serve Defendant Sanchez.  *See generally docs. 14, 17, 24*.  She further contends that the *Clark* concealment requirement is no longer applicable.  *Doc. 24* at 1-4.  In the alternative, Plaintiff argues that, even if the *Clark* concealment requirement remains valid, the Court may reasonably conclude that

Defendant Sanchez has concealed himself to avoid service. *Id.* at 4-6. Additionally, should the Court dismiss Defendant Sanchez, Plaintiff requests leave to conduct discovery on counsel for Defendant Tri Star Freight. *Id.* at 6-10.

Defendant Tri Star Freight argues that Plaintiff's previous attempts at service do not justify service by publication. *See doc. 16* at 4. It maintains that the concealment requirement remains in effect and argues that Plaintiff has not demonstrated facts sufficient to satisfy that requirement. *See doc. 25* at 2-6. Defendant Tri Star Freight also opposes Plaintiff's request to conduct discovery on its counsel, contending that such discovery is unwarranted. *Id.* at 7-9.

The Court finds that, although Plaintiff has exhausted the procedural prerequisites to service by publication given the prior attempts to serve Defendant Sanchez, the concealment requirement remains applicable, and Plaintiff has not demonstrated that Defendant Sanchez is concealing himself to avoid service.[1] The Court further concludes that Plaintiff has not justified the extraordinary relief of permitting discovery on Defendant Tri Star Freight's counsel.

---

[1] Defendant Tri Star Freight also argues that Plaintiff's proposed service (i) is not reasonably calculated to apprise Defendant Sanchez of the pendency of the action; and (ii) does not conform to the specific form requirements under Rule 1-00(K). *See doc. 16* at 4-7, *doc. 25* at 5-6. Because the Court finds that Plaintiff has failed to satisfy the concealment requirement, the Court does not reach these issues.

### A. Plaintiff Has Exhausted the Procedural Requirements for Service by Alternative Means Under NMRA 1-004(F)

Plaintiff has satisfied the procedural steps outlined in the New Mexico Rules of Civil Procedure for service by publication because she has been unable to effect service in any manner permitted by NMRA 1-004(F), despite making multiple reasonable attempts to do so. First, under NMRA 1-004(F)(1), Plaintiff and her agents were unable to locate or personally serve Defendant Sanchez or reach him by mail, despite conducting several address searches, identifying a possible place of employment, and sending certified mail to his last known mailing address. *Doc. 12* ¶¶ 6-21. Second, under NMRA 1-004(F)(2), Plaintiff was unable to locate a usual place of abode for Defendant Sanchez, despite conducting skip-trace searches and speaking with residents at his potential addresses. *See doc. 12* ¶¶ 18, 22-27, *doc. 12-3*, *doc. 12-4*. Third, under NMRA 1-004(F)(3), Plaintiff attempted service on Defendant Sanchez's last known employer, Defendant Tri Star Freight, but does not know his current place of business or employment. *See doc. 12* ¶¶ 6-9, 30. Accordingly, the Court finds that Plaintiff has exhausted the hierarchy of mechanisms set forth in NMRA 1-004(F).

### B. Plaintiff Is Required to Demonstrate Concealment

The Court now turns to Plaintiff's contention that the concealment requirement for service by publication in *in personam* actions, as articulated by the New Mexico Supreme Court in *Clark,* is no longer applicable. Plaintiff argues that the *Clark*

7

concealment requirement has been abrogated for two reasons: (i) the current New Mexico statute governing service by publication no longer contains language referencing concealment; and (ii) recent decisions from the New Mexico Supreme Court do not reference or apply the concealment requirement. *See doc. 24* at 1-4.  In response, Defendant Tri Star Freight argues that *Clark* remains controlling law that has not been overturned and is rarely distinguished, and therefore the concealment requirement continues to apply in *in personam* actions.  *See doc.* 25 at 2-4.

      First, Plaintiff's statutory construction argument is unpersuasive.  In *Clark*, the plaintiff sued to enforce a prior judgment he had obtained against a corporation, arguing that the defendant was an alter ego of the corporation.  *Clark*, 593 P.2d at 1076. After the Plaintiff obtained a default judgment based on service by publication, the defendant moved to set it aside, arguing that the court lacked personal jurisdiction due to insufficient service of process.  *Id.*  Indeed, the New Mexico Court of Appeals had previously held that the use of service by publication was limited to *in rem* actions when the court assumes control of defendant's property located within the jurisdiction.  *See Chapman v. Farmers Ins. Group*, 558 P.2d 1157 (N.M. Ct. App. 1976).  The *Clark* court "agree[d] with the application of the *Chapman* rule in most cases," but carved out an exception holding that service by publication is permissible in *in personam* actions where "the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark*, 593 P.2d at 1076.  The court

concluded that concealing oneself "constitutes a waiver of notice of the proceedings sought to be avoided." *Id*. The *Clark* court further noted that the relevant rule, New Mexico Rule of Civil Procedure 4(g), authorized service by publication where a defendant "has avoided service of process upon him." *Id*. at 1077 (quoting N.M.R.Civ.P. 4(g)). Consequently, the *Clark* court "remand[ed] the matter to the trial court for a finding as to whether [defendant] purposefully concealed himself to avoid service of process." *Id*. More important for our purposes here, however, is what the court did not do. The language of N.M.R.Civ.P. 4(g) also permitted service by publication where "his whereabouts cannot be discovered after due inquiry and the search has been made." *Id*. (quoting N.M.R.Civ.P. 4(g)). However, the court did not remand the matter to see if plaintiff could satisfy that prerequisite. To the contrary, the court held that if, on remand, "it is determined that there was purposeful concealment, the default judgment should be allowed to stand; if not it should be vacated." *Id*. In other words, the court foreclosed the broader application of the service by publication rule presumably on due process grounds. Thus, the mere fact that the current service of publication is even broader than the earlier rule does not mean that New Mexico due process permits service by publication *in personam* cases without proof of concealment.

Second, Plaintiff argues that the New Mexico Supreme Court has recognized that the "distinction between *in rem* and *in personam* . . . is no longer relevant to the determination regarding service via publication," and therefore the concealment

9

requirement no longer applies. *Doc. 24* at 3. This argument is also unpersuasive. In *Mullane v. Central Hanover Bank & Trust Company*, the United States Supreme Court clarified the due process requirements applicable to service by publication. 339 U.S. 306, 312-17 (1950). Specifically, the Court expressly rejected the premise that the sufficiency of constructive notice depended on whether the action was *in rem* or *in personam*. *Id.* at 312. The Court observed the inconsistency and confusion in American courts' treatment of these classifications, noting that courts had alternately used the nature of the action to justify the adequacy of notice or the method of service to define the action. *See id*. ("American courts have sometimes classed certain actions as in rem because personal service of process was not required, and at other times have held personal service of process not required because the action was in rem.") (citation omitted). Given the confusion, the Court held that due process does not hinge on the formal classification of the action but instead requires that notice be "reasonably calculated, under all the circumstances," to apprise interested parties of the action and afford them an opportunity to respond. *Id.* at 312-15.

Over sixty years later, the New Mexico Supreme Court addressed a similar question in *T.H. McElvain*. There, the New Mexico Supreme Court considered whether the notice by publication in a 1948 quiet title proceeding satisfied due process. *T.H. McElvain*, 388 P.3d at 243. Citing *Mullane*, the New Mexico Supreme Court reiterated that the constitutional sufficiency of constructive service does not depend on whether

the underlying action is *in rem* or *in personam*. *Id*. at 248-49.  Rather, due process requires a case-specific inquiry into whether the method of notice satisfies constitutional standards in the given circumstances. *Id*.

While both *Mullane* and *T.H. McElvain* certainly question the utility of the distinction between *in rem* and *in personam* actions as it relates to service of process, neither decision eliminates the concealment requirement as established in *Clark*.  Rather, the Court reads these opinions not as abrogating *Clark*, but rather as rejecting the idea that due process protections may be relaxed merely because a case is classified as *in rem*.  Indeed, the *Clark* court relied on *Mullane* in adopting the concealment requirement as a due process safeguard to specific *in personam* actions.  *T.H. McElvain* neither overrules nor undermines *Clark*; in fact, it cites *Clark* positively.  Absent a clear statement from the New Mexico Supreme Court overruling *Clark*, the Court considers the concealment requirement to remain binding precedent in *in personam* actions.[2]

Here, Plaintiff seeks monetary relief from Defendants. *Doc. 1* at 13.  As such, this is an *in personam* action, and the concealment requirement applies.

---

[2] Judges in this District have continued to apply this requirement after the *T.H. McElvain* decision.  *See, e.g., Reali v. Bd. of Cnty. Comm'rs*, 2019 WL 6496929 (D.N.M. Dec. 3, 2019) (unpublished); Order Granting in Part Renewed Motion for Service by Publication, *Desiderio v. United States*, No. 1:23-cv-00057-WJ-KRS, doc. 23 (D.N.M. June 20, 2023) (unpublished); Order Denying Motion for Service of Process by Publication, *Wilmington Savings Fund Soc'y, FSB v. Apodaca*, 1:18-cv-00114-JAP-KBM, doc. 17 (D.N.M. June 27, 2018) (unpublished).

11

### C. Plaintiff Has Not Demonstrated That Defendant Sanchez Concealed Himself

Plaintiff argues in the alternative that, even if the concealment requirement still applies, she has presented sufficient evidence to support a finding that Defendant Sanchez is concealing himself to avoid service. *See doc. 24* at 4-6. Defendant Tri Star Freight disagrees, arguing that Plaintiff has not made the requisite showing and that service by publication is therefore improper. *Doc. 25* at 4, 6-7.

In support of her position, Plaintiff highlights that (i) Defendant Sanchez initially intended to bring a claim following the accident but ultimately abandoned it; (ii) he was represented by counsel at some point, but said counsel has since been unable to contact him; and (iii) despite efforts to locate him across two states over several months, he seems to have "completely disappeared." *Doc. 24* at 5 (citations omitted). Plaintiff urges the Court to consider this circumstantial evidence collectively and conclude that Defendant Sanchez is evading service, particularly given the unusual circumstances surrounding his abandonment of a potential claim and his prolonged absence. *Id.* at 5-6.

The circumstantial evidence presented does not support a finding that Defendant Sanchez is actively concealing himself to avoid service. That a person has moved, cannot be located, or chose not to initiate a lawsuit does not, without more, reasonably support an inference of evasion. Even multiple failed attempts at service—at addresses

where Defendant Sanchez may live—does not establish that the defendant is aware of the lawsuit and is intentionally avoiding service. *See, e.g., Reali v. Bd. of Cnty. Comm'rs*, 2019 WL 6496929 at *2-*3 (D.N.M. Dec. 3, 2019) (unpublished). On the record before it, the Court finds that Plaintiff has not demonstrated that Defendant Sanchez is concealing himself to evade service of process. Thus, service by publication is not available under New Mexico law.

### D. Plaintiff Is Not Permitted to Conduct Discovery on Defendant Tri Star Freight's Counsel

Lastly, Plaintiff asks that she be allowed to conduct discovery on Defendant Tri Star Freight's counsel. *Doc. 24* at 6-8. Plaintiff bases this request on her assertion that Defendant Sanchez previously engaged attorney Stephanie Zorie to represent him in a potential lawsuit arising from the underlying accident, and that Defendant Sanchez is now represented by Priest and Miller LLP—the same firm currently representing Defendant Tri Star Freight. *See id.*; *see also doc. 21* at 2. In support, Plaintiff submits email correspondence in which Zorie states that she recalls reviewing the police report from the subject accident but has "no recollection of legal work," and that she "worked briefly for the defense firm of [Priest and Miller] in Albuquerque." *Doc. 24-1* at 2. At the time of removal, Defendant Tri Star Freight was represented by Darci Carroll of Chapman Law, P.C. *See doc. 1* at 4. Carroll has since moved to Priest and Miller LLP, and Defendant Tri Star Freight retained her and her new firm. *See docs. 7*, *9*, *10*, *25* at 8.

For their part, counsel for Defendant Tri Star Freight affirmatively state that they do not represent Defendant Sanchez and "do not have contact with Jose Sanchez or have any other viable suggestion for service." *Doc. 25* at 9.

Plaintiff's petition for discovery from opposing counsel is not tied to any particular discovery request but seeks general permission to conduct such discovery. Seeking discovery from opposing counsel is universally disfavored. *See, e.g., Monster Energy Co. v. Vital Pharm., Inc.*, 2020 WL 2405295 (C.D. Cal. Mar. 10, 2020) (unpublished). The Court is highly skeptical that it would approve such discovery under the facts of this case. It certainly will not green-light such discovery in general terms and untethered to specific discovery requests.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Service by Alternative Means (*doc. 14*) is DENIED WITHOUT PREJUDICE.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE