# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RENA AARO *individually,*
*as Next Friend of* C.C and S.C.,
*and as Personal Representative of the*
ESTATE OF PATRICK AARO,

      Plaintiff,

v.                                               Civ. No. 24-270 KG/GBW

TRI STAR FREIGHT SYSTEM, INC.
and JOSE SANCHEZ,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING DISMISSING DEFENDANT JOSE SANCHEZ WITHOUT PREJUDICE

THIS MATTER comes before me on communication with the parties at the telephonic status conference held January 21, 2026. *Doc. 54.* At the conference, Defendant Tri Star's counsel requested that the Court issue an Order dismissing Defendant Jose Sanchez from the case because he had yet to be served. *Id.* at 2. I find that this request is well-taken and RECOMMEND that it be GRANTED.

On January 22, 2024, Plaintiff filed a complaint in state court for wrongful death, negligence, negligence per se, and loss of consortium against defendants Tri Star Freight System and Jose Sanchez following the death of Patrick Aaro. *Doc. 1* at 5-13. Defendant Tri Star removed the case to federal court on March 19, 2024. *Id.*

On August 15, 2024, the undersigned issued an Order to Show Cause (*doc. 11*) requiring Plaintiff to explain why the case should not be dismissed without prejudice as to Defendant Sanchez for failure to serve him.  In her response, Plaintiff explained her multiple failed attempts to serve Defendant Sanchez and requested an extension.  *Doc. 12*.  The undersigned granted Plaintiff an extension through November 4, 2024.  *Doc. 13*.

On October 24, 2024, Plaintiff moved to serve Defendant Sanchez through publication.  *Doc. 14*.  After full briefing on the matter and conducting a hearing, *see docs. 16, 17, 21, 24, 25* the undersigned denied Plaintiff's motion for alternative service on May 21, 2025.  *Doc. 27*.

On October 2, 2025, the undersigned held a status conference at which Plaintiff's counsel was informed that they needed to serve Defendant Sanchez by November 14, 2025, or else claims against him would be dismissed without prejudice.  *Doc. 46* at 3.  As of January 23, 2026, Defendant Sanchez still has not been served.

On January 21, 2026, the undersigned held another status conference with the parties.  *Doc. 54*.  Defendant Tri Star's counsel requested that the Court dismiss claims against Defendant Sanchez without prejudice as the service deadlines imposed by Federal Rule of Civil Procedure 4(m) had long passed, even including the Court's granted extensions.  *Id*. at 2.  The Court asked Plaintiff's counsel if he had any objections to dismissing Defendant Sanchez (besides the undersigned not allowing service by publication), and Plaintiff's counsel responded that he did not.  *Id.* at 3.

It has been nearly two years since this case was removed to federal court and Defendant Sanchez has still not been served.  The last service extension expired over two months ago.  Therefore, being fully advised and noting that Plaintiff's counsel does not object to dismissing Defendant Sanchez, the undersigned RECOMMENDS that the Court DISMISS claims against Defendant Sanchez WITHOUT PREJUDICE.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE